# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REO L. COVINGTON,

                    Plaintiff,

v.

MELISSA WENDT-TROCHINSKI,
KELLY PELKY, DR. STEVEN
JOHNSTON, DR. LUKE
FRAUNDORF, DR. DANIEL
BRUNNER, BRIAN CAHAK, and
JOHN/JANE DOE,

                    Defendants.

Case No. 25-CV-1605-JPS

**ORDER**

Plaintiff Reo L. Covington ("Plaintiff"), an inmate confined at Oshkosh Correctional Institution("OCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. ECF No. 1. On February 3, 2026, the Court screened the complaint and allowed Plaintiff to proceed on an Eighth Amendment medical claim against Defendants. ECF No. 10. Pending before the Court are Plaintiff's motion to clarify and motions for preliminary relief. ECF Nos. 4, 11.

## 1. MOTION TO CLARIFY/RECONSIDERATION

Plaintiff seeks clarification of the Court's screening order. The Court will grant Plaintiff's motion for clarification, liberally construed as a motion for reconsideration. Because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Plaintiff's motion for reconsideration. *See Bhatia v. Vaswani,* No. 18-CV-2387, 2020 WL

3578004, at *2 (N.D. Ill. July 1, 2020). Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

First, Plaintiff seeks to proceed on a state law negligence claim. The Court will allow Plaintiff to proceed on a state law negligence claim against Wendt-Trochinski, Pelky, Johnston, Fraundorf, Brunner, Cahak, and the Does. Plaintiff alleges delayed treatment for his pain and that Defendants knowingly failed to either provide adequate pain medication or timely treat him. To sustain a claim for negligence, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) and will allow Plaintiff to proceed on a state law claim of negligence against Wendt-Trochinski, Pelky, Johnston, Fraundorf, Brunner, Cahak, and the Does.

Second, the Court does not find that the complaint states a *Monell* claim against any entity. Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the United States Supreme Court found that a plaintiff may

Case 2:25-cv-01605-JPS    Filed 07/01/26    Page 2 of 6    Document 32

proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). In a case against a private contractor that provides care to incarcerated people, the "critical question" for liability is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

Here, Plaintiff does not allege any violation of a policy, practice, or custom to sustain a *Monell* claim against any defendant. Plaintiff's conclusory allegation only that he believes the institution has a custom, policy, or practice of inadequate pain relief for inmates and for failing to train staff is insufficient to state a claim. The mere fact that Plaintiff allegedly received inadequate medical care does not suggest a widespread or persistent practice.

## 2.	PRELIMINARY RELIEF

Next, the Court will deny without prejudice Plaintiff's motion for a temporary restraining order and motion for a preliminary injunction. ECF No. 4. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that: (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood*

*v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of a court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The Court previously instructed Defendants to respond to Plaintiff's motions. ECF No. 10. Defendants responded and indicated that Plaintiff would not provide access to his entire medical files and would only consent to releasing certain portions of his medical history. ECF No. 15. Plaintiff replied and indicated that he believes the information in question was not relevant to his request for preliminary relief. ECF No. 19. The Court will deny Plaintiff's request for preliminary relief because he has prevented Defendants the ability to investigate his claims. "Although a plaintiff may

have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims that place his medical condition at issue." *Brown v. Picknell*, No. 18-CV-1653, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019). Plaintiff's unwillingness to provide access to his medical record strongly suggests that he will not suffer irreparable injury without court intervention

The Court understands that Plaintiff may not want his medical history released; however, he must do so in order to proceed with the claims in this case. Plaintiff is warned that as the case proceeds he must sign medical authorizations or the Court may dismiss his case without prejudice. *See, e.g.*, *Mason v. Clover*, No. 19-CV-1103, 2022 WL 60669, at *1 (E.D. Wis. Jan. 6, 2022) ("Mason put his health at issue when he alleged that the injury he sustained by the defendants' action were ill health effects. Without access to his medical records, the defendants cannot defend themselves . . . . If Mason fails to sign the medical authorization form . . . the court will dismiss this case."); *see also Jacobs v. Frank*, 349 F. App'x 106, 107 (7th Cir. 2009) (affirming dismissal of case following pattern of plaintiff's failure to comply with discovery requests as to medical record authorizations and the district court's warning regarding the same).

The Court will enter a scheduling order in due course and this case will now proceed on an Eighth Amendment medical claim and state law negligence claim against all defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a temporary restraining order and for a preliminary injunction, ECF No. 4, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for clarification, liberally construed as a motion for reconsideration of the screening order, ECF No. 11, be and the same is hereby **GRANTED** as described in this Order.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge